### ESTATE OF HENRY B. COTTER.

No. 8498—July 9, 1878.

GRANT OF LETTERS.—NOMINEE OF NON-RESIDENT WIDOW entitled to letters in preference to the Public Administrator.

Under section 1365, C. C. P., the nominee of the widow, being himself competent, is entitled to letters in preference to the Public Administrator, notwithstanding that such widow is a non-resident and therefore herself incompetent to administer.

The law at the date of *hearing* the application governs, not that in force at the date of filing.

Construing sections, C. C. P., 1365, 1369; affirmed, Sup. Court, Feb. 27, 1880.

*R. H. Lloyd,* for Public Administrator.

*E. J. & J. H. Moore,* for nominee of widow.

Henry B. Cotter died intestate at St. Louis, Missouri, April 4, 1878, being a resident there and a non-resident of California, but leaving estate in California.   He left a widow and two children, all residents of Missouri.

The widow declined to administer in person, but nominated in writing Thomas Crane as administrator, who filed his petition for letters.

The Public Administrator also petitioned.

On the hearing of the two petitions, the Public Administrator claimed that by reason of her non-residence, under a modification of the Code of Civil Procedure, made between the filing of the petition and the hearing, (C. C. P., Sec. 1365–69,) the widow was rendered incompetent to administer herself by reason of her non-residence; and that she was thereby incompetent to nominate.

The nominee of the widow claimed that the right to administer was vested at the date of the application, and could not be affected by any change in the law in that respect.

The Court held that the law at the time of hearing was the rule to be followed;

But it further held that Section 1365 designating the order of persons to take letters and making the first class, "The husband or wife or some competent person whom he or she may request to have appointed," gave such nominee of the widow precedence over all other classes; and that the competency or incompetency of the widow by reason of her non-residence was not material, provided her nominee was competent in that particular.

The petition of the Public Administrator was therefore denied and letters directed to issue to the nominee of the widow.